NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED
PEOPLE, Plaintiff,

v.

ACUSPORT CORP., et al., Defendants.

Faber Brothers, Inc., Third
Party Plaintiff,

v.

Massachusetts Bay Insurance
Company, Third Party
Defendants.

Nos. 99 CV 7037(JBW),
99 CV 3999(JBW).

United States District Court,
E.D. New York.

March 28, 2003.

Charles E. Bachman, O'Melveny &
Myers, LLP, New York City, for Defendants/Third Party–Plaintiff/Third Party–
Defendant.

Brian Andrew Bender, Harris Beach,
LLP, Scott Charles Allan, Leonard S.
Rosenbaum, Renzulli, Pisciotti & Renzulli,
LLP, Thomas Patrick Battistoni, Balber,·
Pickard, Battistoni, Maldonado & Van Der
Tuin, PC, Anne Elizabeth Cohen, Debevoise & Plimpton, Joel M. Cohen, Greenburg Traurig, LLP, Victor Genecin, Paula
& Harcourt, Brian Preston Heermance,
Morrison, Mahoney & Miller, LLP, Robert
Laurent Joyce, Wilson, Elser, Moskowitz,
Edelman & Dicker, James V. Marks, Edward G. Williams, Holland & Knight, LLP,
Richard L. Mattiaccio, Pavia & Harcourt,
Erin Anne O'Leary, Morgan, Melhuish et
al, Joseph Daniel O'Neill, Walter, Conston,
Alexander & Green, P.C., Frederick B.
Polak, Post, Polak, Goodsell & MacNeill,
John F. Renzulli, Renzulli & Rutherford,
LLP, Leslie F. Ruff, Biedermann, Hoenig,
Massamillo & Ruff, Fred E. Scharf, Ruth-

erford & Christie, LP, New York City, Pamela Betlow, Budd, Larner, Gross, Rosenbaum, et al, Short Hills, NJ, Scott L. Braum, Chernesky, Heyman & Kress, PLL, Dayton, OH, Christopher Michael Chiafullo, David R. Gross, Saiber, Schlesinger, Satz & Goldstein, LLC, Newark, NJ, Stephen Feinberg, Ellenwood, GA, Richard J. Leamy, Jr., Weidner & McAuliffe, Ltd., James Philip Dorr, Anne Giddings Kimball, Wildman, Harrold, Allen & Dixon, Roger A. Lewis, Terry Moritz, Goldberg, Kohn, Bell, Black, Rosenbloom, Chicago, IL, Timothy G. Atwood, Shelton, CT, Bradley T. Beckman, Shane J. Harrington, Craig D. Harvath, Law Firm of Beckman & Associates, Philadelphia, PA, Catherine A. Bledsoe, Lawrence P. Fletcher–Hill, Lawrence S. Greenwald, Gordon, Feinblatt, Rothman, Hoffberger, Hollander, LLC, Lauren Lacey, Semmes, Bowen & Semmes, Robert Edward Scott, Jr., Baltimore, MD, Timothy A. Bumann, Esq., Jennifer C. Kane, Prescott L. Nottingham, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, P.C., Atlanta, GA, Mark L. Clark, Michael J. Zomcik, Tarics & Carrington, PC, Houston, TX, Charles L. Coleman, III, San Francisco, CA, Jonann E. Coniglio, William M. Griffin, III, Karen S. Halbert, Friday, Eldredge & Clark, Little Rock, AR, William H. Connor, Georgetown, TX, Douglas C. Conroy, Paul, Hastings, Janofsky, & Walker, LLP, Stamford, CT, Stacey Elaine Deere, Tina Marie Schaefer, Shook Hardy & Bacon, LLP, Kansas City, MS, Thomas E. Fennell, Michael L. Rice, Jones, Day, Reavis & Pogue, Dallas, TX, E. Gordon Haesloop, Bartlett, McDonough, Bastone & Monaghan, Mineola, NY, Steven Jay Harfenist, Friedman & Harfenist, Lake Success, NY, Thomas E. Healy, Lawrence G. Keane, Pino & Associates, LLP, White Plains, NY, Michael C. Hewitt, Bruinsma & Hewitt, Costa Mesa, CA, Gary R. Long, Jeffrey Scott Nelson, Shook, Hardy & Bacon, LLP, Kansas City, MO, James Clifford, Sabalos, Esq., New Port Beach, CA, Elisabeth Saundres, American Derringer Corp., Waco, TX, Steven Allen Silver, Law Offices of Steven A. Silver, Porterville, CA, J. Joseph Wilder, Wilder & Linneball, LLP, Buffalo, NY, for Defendants.

Michael P. Kandler, Callan, Regenstreich, Koster & Brady, New York, NY, Stuart Peacock, Bonner, Kiernan, Trebach & Crociata, Cathleen A. Tharp, Ross, Dixon & Bell, L.L.P., Washington, DC, for Third Party Defendants.

Mark Taustine, James Patrick Tenney, Leahey & Johnson, P.C., David Gerald Tobias, Saviano & Tobias, P.C., New York City, for Defendants/Third Party Plaintiffs.

Elisa Ann Barnes, Law Office of Elisa Barnes, Monica A. Connell, McHugh & Barnes, PC, Denise M. Dunleavy, Weitz & Luxenberg, P.C., New York City, Sayre Weaver, La Habra, CA, Joshua M. Horwitz, Gregory P. Joseph, Karen M. Kohn, Esq., Jonathan E. Lowy, Carolyn M. Morrissette, Esq., Washington, DC, for Plaintiffs.

Gregory P. Joseph Law Offices LLC, New York City, for Respondent.

Eric Proshansky, Corporation Counsel of the City of NY, New York City, for Movant.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

### I. Introduction

Defendant–Third–Party Plaintiff Faber Brothers, Inc. ("Faber") moves for partial summary judgment, seeking a declaratory judgment that Massachusetts Bay Insurance Company ("Massachusetts Bay") is contractually obligated to defend Faber in National Association for the Advancement of Colored People v. Acusport Corporation,

et al. (99 CV 7037 E.D.N.Y.) ("NAACP action"), a pending civil suit. Massachusetts Bay cross-moves, seeking a declaratory judgment that it is not obligated to defend.

For the reasons stated orally on the record, Massachusetts Bay has a duty to defend Faber. The duty began when notice of the Third Amended Complaint was provided to Massachusetts Bay on or about June 21, 2001.

## II. Facts

Faber is a wholesale distributor of sporting goods, including firearms. It has been named as a defendant in the NAACP action along with over one hundred other handgun manufacturers and distributors.

During the time period that is the subject of the NAACP action, Massachusetts Bay had operative an insurance policy providing comprehensive general liability coverage for Faber. Hanover Insurance Company ("Hanover"), a corporate affiliate of Massachusetts Bay, issued to Faber a commercial general liability ("CGL") insurance policy, effective annually between January 1, 1995 and January 1, 2002. After Hanover issued this CGL policy, Massachusetts Bay issued all subsequent annually issued policies to Faber.

The subject policy contains the following relevant terms, exclusions, and definitions:

SECTION I—COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

\*    \*    \*    \*    \*    \*

    b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      (2) The "bodily injury" or "property damage" occurs during the policy period.

    c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

2. Exclusions

This insurance does not apply to:

    a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*    \*    \*    \*    \*    \*

SECTION V—DEFINITIONS

\*    \*    \*    \*    \*    \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*    \*    \*    \*    \*    \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \* \* \*

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

The term "damages" is not otherwise defined within the definition section of the policy.

Faber was first named as a defendant by the NAACP in a third amended complaint filed on or about May 11, 2001. In the third amended complaint, the NAACP asserted claims for injunctive relief based upon allegations of negligent marketing and public nuisance. On or about June 12, 2002, the NAACP filed its fifth amended complaint. This complaint also asserted a cause of action for public nuisance against Faber and other defendants. It is alleged in the fifth amended complaint that the defendants created a public nuisance by "knowingly and intentionally" targeting sales of unsafe handguns to inappropriate purchasers. It is further alleged by the NAACP that the defendants failed to exercise proper control over production, marketing, and distribution, resulting in the purchase of handguns by criminals and other "prohibited" persons. In addition, the fifth amended complaint claims that the defendants "negligently" distributed handguns and that their marketing practices are "unreasonable."

Sought is injunctive and monetary relief, including contribution to a fund for the education, supervision, and regulation of the approximately 16,000 stocking gun dealers; inspection of gun dealers and retailers; and participation in a warranty revocation program upon individual resale of handguns, unless the firearm is resold through a bona fide stocking dealer. The NAACP also seeks contribution of no less than $5,000,000 to establish an industry wide sales monitoring and distribution agency; contribution of no less than $5,000,000 to establish educational programs designed to prevent gun acquisition and violence among youths; and a contribution of no less than $10,000,000 for such other and further steps as may be necessary to abate and ameliorate the nuisance.

The court has now determined that damages will not be awarded, nor will other monetary relief be granted. There is a substantial possibility that this restrictive view will not be followed by appellate courts.

On or about June 21, 2001, Massachusetts received notice of the third amended complaint from Faber. On July 20, 2001,

Massachusetts Bay sent a written denial of coverage to Faber. In its denial letter, Massachusetts Bay asserted that the claims against Faber did not fall within the scope of the insuring agreement. The denial letter also cited the exclusions for "expected or intended injury" and other terms and definitions contained in the policy. On or about April 1, 2002, Massachusetts Bay again sent Faber a written denial of coverage reaffirming the July 20, 2001 letter.

On or about September 20, 2002, Faber provided notice to Massachusetts Bay of the plaintiff's fifth amended complaint. After receipt of this additional request for defense and indemnity by Faber, Massachusetts Bay sent another denial of coverage dated October 16, 2002, reiterating its position that no coverage was afforded.

On January 22, 2003, Faber filed the instant declaratory judgment action against Massachusetts Bay, seeking a declaration that Massachusetts Bay owes a duty to defend and indemnify Faber in the NAACP action. Massachusetts Bay asserts that there is no duty to defend or indemnify. Faber now moves for partial summary judgment seeking a declaration that Massachusetts Bay owes a duty to defend it in the NAACP action.

III. Law and Application

█ Massachusetts Bay contends that choice of law principles dictate that the law of the state of Illinois governs this action. The court finds that application of either Illinois or New York law results in the same conclusion—that Massachusetts Bay owes Faber a defense of this action.

█ An insurer's duty to defend is triggered by the allegations in a complaint against the insured. If some allegations fall within the scope of the policy, it does not matter if those allegations are proven false, if other claims are also made, or if

the insurer ultimately is found to have no duty to indemnify. *See, e.g., Seaboard Sur. Co. v. Gillette Co.,* 64 N.Y.2d 304, 486 N.Y.S.2d 873, 476 N.E.2d 272, 275 (1984) (citing cases).

Massachusetts Bay contends that the NAACP complaints do not set forth non-excludable claims for damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the policies. This case does involve claims a step removed from a typical tort suit, where bodily injury and death of a person are proximately connected to the insured who is being sued for causing that injury or death. Here the defendant is charged with more indirectly contributing to conditions in society making injury or death more likely. The claimed injury arises from exposure to allegedly general harmful conditions. Yet there is a connection, however remote, between injuries to persons and liability for that injury of the insured.

Massachusetts Bay's argument that no duty to defend exists under this policy because equitable relief is requested and intentional conduct is alleged are irrelevant under New York and Illinois law in an action that in addition requests monetary relief and alleges negligent conduct. *See Scottsdale Insurance Co. v. RSR Management Co.,* 2000 WL 1456954 (E.D.N.Y. Sept. 26, 2000).

IV. Conclusion

Faber's motion for partial summary judgment on the question of Massachusetts Bay's contractual obligated to defend it in the NAACP action is granted. Massachusetts Bay's cross-motion is denied.

Massachusetts Bay shall reimburse Faber's costs of defending the NAACP action incurred from Faber's tender of defense on June 21, 2001 to the present and to

**464**

defend the ongoing NAACP action. This order to reimburse and defend is stayed pending appeal.

This order involves a controlling question of law—whether there is a duty to defend—as to which there is substantial grounds for difference of opinion. An immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b) (2003).

SO ORDERED.